UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WAYNE MILLS,<br><br>Petitioner,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>Respondent. | No. 2:18-cv-01883 TLN CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se who has filed a federal habeas corpus petition pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a). For the reasons that follow, the undersigned recommends summarily dismissing petitioner's second claim for relief challenging his 2018 rules violation report as it is unexhausted. Additionally, the undersigned recommends transferring the remaining claim in the petition to the Central District of California where venue is proper.

**I.  Habeas Petition**

Petitioner is presently incarcerated at California State Prison in Los Angeles County ("CSP-LAC"). He is serving a twenty-one year sentence for a 2014 conviction rendered by the Los

1   Angeles County Superior Court for aggravated mayhem and assault with a deadly weapon. ECF
2   No. 1 at 2. In his first claim for relief, petitioner appears to allege that he was denied his right to a
3   jury trial as well as to the trial transcripts in his criminal case. ECF No. 1 at 3. The second claim
4   for relief challenges a prison disciplinary hearing conducted on April 5, 2018. Id. at 4. Petitioner
5   alleges that he was denied a staff assistant, an investigative employee, and witnesses at this
6   disciplinary hearing in violation of his right to due process. Id. The habeas application indicates
7   that petitioner has not sought review of his disciplinary proceeding in the California Supreme
8   Court. Id. at 5-6.

## II. Analysis

The court will address each of petitioner's claims for relief, albeit in reverse order of that presented in the habeas application itself. Petitioner's second claim for relief challenges his 2018 disciplinary conviction. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus even when challenging a prison disciplinary conviction. 28 U.S.C. § 2254(b)(1)(A); see also Ramirez v. Galaza, 334 F.3d 850 (9th Cir. 2003) (explaining the difference between the administrative exhaustion requirement of the Prison Litigation Reform Act and the state court exhaustion requirement in federal habeas corpus actions challenging a prison disciplinary proceeding). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies with respect to his second claim for relief challenging his 2018 disciplinary hearing. This claim has not been presented to the California Supreme Court as petitioner concedes. ECF No. 1 at 5-6. Further, there is no allegation that state court remedies are no longer available to petitioner. Accordingly, the second claim for relief should be dismissed without prejudice.

The remaining claim in petitioner's federal habeas application concerns his 2014 criminal conviction from the Los Angeles County Superior Court. The general rule with regard to habeas applications is that both the United States District Court in the district where petitioner was convicted and the District Court where petitioner is incarcerated have jurisdiction over the claims. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973). In the instant case, both petitioner's conviction and his place of incarceration occurred in an area covered by the District Court for the Central District of California. Accordingly, the claim challenging petitioner's 2014 conviction should be transferred to the Central District of California where venue is proper.

### III. Plain Language Summary for Pro Se Party

Since petitioner is acting as his own attorney in this case, the court wants to make sure that the words of this order are understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

The claim related to your 2018 disciplinary hearing has not been exhausted in state court. For this reason, the undersigned is recommending that it be dismissed without prejudice to allow you to present it to the state court before applying for federal habeas corpus relief. The claim related to your 2014 criminal conviction should be heard in the United States District Court for the Central District of California. The undersigned is recommending that this claim be transferred to that court.

If you disagree with this recommendation, you have 14 days to explain why it is not the correct result in your case by filing "Objections to the Magistrate Judge's Findings and Recommendations."

Accordingly, IT IS HEREBY ORDERED that petitioner's motion to proceed in forma pauperis (ECF No. 6) is granted.

IT IS FURTHER RECOMMENDED that:

1. Claim two in petitioner's federal habeas corpus application be summarily dismissed without prejudice as unexhausted.
2. The remaining claim in this habeas application challenging petitioner's 2014 conviction from the Los Angeles County Superior Court be transferred to the United

3

| | |
|---|---|
| 1 | States District Court for the Central District of California where venue is proper. <u>See</u> |
| 2 | <u>Braden</u>, 410 U.S. at 499 n.15; 28 U.S.C. § 2241(d). |

    3. No certificate of appealability shall issue in this case as this is not a final order adverse to the habeas applicant. <u>See</u> Rule 11(a) of the Rules Governing Habeas Corpus Cases Under Section 2254.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations. Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 27, 2018

    */s/ Carolyn K. Delaney*
    _____
    CAROLYN K. DELANEY
    UNITED STATES MAGISTRATE JUDGE

12/mill1883.103+108a.docx